**NEW JERSEY HOUSING AND MORTGAGE FINANCE AGENCY**
**CLOSING INSTRUCTIONS FOR NJ ERMA MORTGAGE LOAN**
**Monthly Payments and Reinstatement**

To:    Fortune Title Agency
       39 Woodland Road
       Roseland, New Jersey 07068

RE:    Applicant: Carolyn Brooks
       Co-Applicants:

       Address: 249 HILLCREST AVE
       TRENTON, New Jersey 08618

HAF # 33458            Mortgage Amount: **$6,936.49**
                       Interest Rate:  **0.0%**

Dear Closing Agent:

Enclosed is our closing package in connection with the above referenced loan.  Our approval of this loan is subject to the terms and conditions of our Conditional Commitment Letter and any other supplemental instructions set forth herein, and does not in any way relieve you of the responsibility of insuring that all papers executed by all persons at the closing and other documentation obtained by you are in correct and proper legal form.

***************

       Total monthly mortgage payment of **$0.00**
       Will be made directly to **Rocket Mortgage, LLC**
       Starting on **2-1-2024**

       Reinstatement amount of **$6,936.49** to be paid directly to **Rocket Mortgage, LLC.**

All documents are to be executed in accordance with our instructions.  The documents on the attached list are to be returned within 48 hours of closing to the attention of:

       ERMA Closing Dept.
       New Jersey Housing & Mortgage Finance Agency
       637 South Clinton Avenue
       Trenton, NJ  08611

If you have any questions prior to or at closing, please contact **Amy Reihmann** at **609-256-7390**.

## NEW JERSEY HOUSING AND MORTGAGE FINANCE AGENCY

### CLOSING SUBMISSION CHECKLIST

REQ.          RET.

___X___    _____    (1)    Original and one (1) Certified True Copy of Mortgage Note

___X___    _____    (2)    Two Certified True Copies of Original Second Mortgage

___X___    _____    (3)    Release

___X___    _____    (4)    Declaration of Consent

___X___    _____    (5)    Completed Mailing Address Information

___X___    _____    (6)    Completed Truth in Lending

___X___    _____    (7)    Affidavit & Waiver of Right of Rescission

___X___    _____    (8)    Mortgage Loan Commitment

___X___    _____    (9)    Duplication of Benefits Attestation


This closing has been conducted in accordance with instructions
supplied and the items required above are enclosed herein.


_____

Closing Agent                                        Date

## New Jersey Housing and Mortgage Finance Agency
### Commitment of New Jersey Emergency Rescue Mortgage Assistance Mortgage Loan Funds

01-09-2024

Applicant: Carolyn Brooks
Co-Applicants:

Address: 249 HILLCREST AVE
TRENTON, New Jersey 08618

**RE:**     **ERMA HAF#: 33458**
**Commitment of New Jersey Emergency Rescue Mortgage Assistance Mortgage Loan Funds**

Dear Carolyn Brooks,

We are pleased to inform you that the New Jersey Housing and Mortgage Finance Agency ("Agency") has approved your application for a New Jersey Emergency Rescue Mortgage Assistance program ("ERMA") mortgage loan. The terms and conditions of the commitment, which must be satisfied prior to loan closing, are set forth below.

1.     **Exact Names of Borrower(s) as they will appear on all ERMA documents (must include all mortgagors appearing on all mortgages on the Premises and anyone appearing on the deed to the Premises):**

Carolyn Brooks

2.     **Property (the "Premises) Address (street address, municipality, state, zip):**

249 HILLCREST AVE
TRENTON, New Jersey 08618

3.     **Maximum ERMA Mortgage Loan Amount: Six Thousand Nine Hundred Thirty Six .49/100 US Dollars ($6,936.49)**

The above is the maximum ERMA loan amount. Your final loan amount will be determined by 1) the total amount of arrearages on your first mortgage, and 2) your monthly mortgage payment amount. All amounts will be confirmed by your first mortgage servicer.

4.     **Note and Mortgage:**

The ERMA mortgage loan granted in accordance with this commitment shall be evidenced by a note and secured by a mortgage on the property, and the mortgage may be subordinate in priority to any prior secured mortgage liens. After the ERMA mortgage loan is closed, it may only be subordinated for a rate and term refinance.

5.     **Interest Rate:**

Zero percent (0%) APR (.0)

6.     **Allowable Use of ERMA Mortgage Loan Proceeds:**

For a temporary period of time and in accordance with all terms and conditions described in this commitment letter, the proceeds from this ERMA mortgage loan may be used to pay your monthly mortgage payment and existing arrearage for the first mortgage you have on your home. ERMA payments will be made by the Agency directly to your loan servicer.  You will receive no cash.

Note that every month any proceeds from the maximum ERMA mortgage loan amount are used to help pay your monthly mortgage payment and, as applicable, the arrearage, the actual amount of your ERMA subordinate mortgage loan debt will grow.  Your final ERMA mortgage loan will be determined by the amount of the monthly mortgage payment, how long payments are actually made with ERMA mortgage loan proceeds and how much of the loan proceeds are used to cover the arrearage.

Your first mortgage loan servicer, **Rocket Mortgage, LLC**, has confirmed that your actual monthly mortgage payment for your first mortgage loan (including principal, interest and escrows) is **$0.00** During the ERMA Assistance Period, this monthly payment will be paid directly by the Agency in the amount of **$0.00**.  If the servicer notifies the Agency during the ERMA Assistance Period that the actual monthly mortgage payment is to be increased or decreased, the Agency may increase or decrease its payment accordingly.

**Rocket Mortgage, LLC**, has also confirmed that you have a mortgage arrearage. An amount of **$6,936.49** will be paid from the maximum ERMA mortgage loan amount to cover the arrearage.

In accordance with the above, the following is a summary of the allowable use of ERMA mortgage loan proceeds:

Amount to be paid for the first mortgage arrearage:     **$6,936.49**

Remaining maximum amount available to help cover your first mortgage loan payment during the ERMA Assistance Period:          **$0.00**

**MAXIMUM ERMA MORTGAGE LOAN AMOUNT:     $6,936.49**

The maximum number of your monthly mortgage payments that may be covered by ERMA loan proceeds (the ERMA assistance period):  **0 MONTHS**

7.     **Repayment Requirements and Term of ERMA Mortgage Loan:**

There are no monthly payments, or any other amortization required for the repayment of this loan.

The term of the Note you will sign is three (3) years commencing on the date of the loan closing.  During the term of this Note, Principal repayment in the amount set forth in this section will be due immediately upon the occurrence of any one of these events: sale of the Premises, conveyance of title of the Premises, refinance of any superior mortgage(s) on the Premises (except for a lower rate/term refinance.  A cash-out refinance is not permitted except to repay this Mortgage Note) or if the Borrower ceases to occupy the Premises as their primary residence (hereinafter any one of these events shall be referred to as the "Payment Event").  In the event of sale, repayment shall be from net sales proceeds (funds left after payoff of superior mortgage liens, real estate commission and other reasonable and typical transaction fees and costs). The Agency may require the Borrower to pay for an appraisal ordered by the Agency if the sales price appears to the Agency to be below fair market value, and the Agency may refuse to release the Borrower from this Note and the Mortgage lien in such cases where it determines based on an appraisal that the Premises is being conveyed for below fair market value.

<u>During months 0 (from the date of loan closing) through prior to the end of month 36</u>: Commencing with the date of the making of this Mortgage Note until prior to the completion of 36 consecutive months

thereafter, the full original principal amount of the loan will be due and payable immediately upon the occurrence of a Payment Event.

**After 36 consecutive months:**  If no Payment Event has occurred, the original principal amount will be reduced to $0 and the loan will be discharged.

The loan may be prepaid at any time without a prepayment penalty.

8.    **No Assumption on Resale:**

This ERMA mortgage loan is being made to the Borrower(s) alone.  If the Borrower(s) sell or convey this property during the term of this mortgage loan, the loan balance will become due and payable at that time in accordance with the "Repayment Requirements and Term of ERMA Mortgage Loan" conditions listed above. The purchaser of the property will not be permitted to assume this mortgage.

9.    **Material Changes Regarding Borrower Information:**

This commitment is based on the information provided by the Borrower in the ERMA Application.  It is the obligation of the applicant to advise the Agency of any material change to that information, or the accuracy of that information, that may be discovered or that may occur prior to the ERMA loan closing.  If there is a material change to the information, this commitment will terminate and may only be reinstated at the discretion of the Agency.

10.    **General Conditions:**

(a)  Your servicing agent or lender must continue to participate in the ERMA program and must agree to the terms agreed upon by you and the Agency for the ERMA loan.

(b)  The U.S. Treasury must allow the State of New Jersey's continued participation in the Homeowner Assistance Fund program and must continue to approve of the terms of the ERMA program.

(c)  You must continue to own and reside in your Premises and remain in compliance with the ERMA Program Guidelines during the term of the ERMA note and mortgage.

(d)  ERMA funds cannot be used to facilitate a short sale of the premises.

11.    **Acknowledgement by You (the Borrower(s)) of Important Information about Your ERMA loan:**

(a)  By signing this commitment, you acknowledge that a mortgage lien will be placed on the Premises (your home).  This means that a lien will secure our Agency's right as the lender to repaid under certain circumstances described in this commitment and in the mortgage and note that you will be required to sign at the loan closing.  The lien will have priority over other loans that you may apply for in the future.

(b)  By signing this commitment, you acknowledge that the ERMA is a loan.  The principal balance of the loan increases each time an ERMA monthly mortgage payment and the payment of any applicable arrearage is made to each of your mortgage servicers from the ERMA loan proceeds.

(c)  By signing this commitment, you acknowledge that the funds being used by the Agency to make this loan to you are provided by the United States Treasury under the American Rescue Plan Act and that if you have knowingly provided false information committed fraud, or acted in bad faith as determined by the Treasury or other federal or state authorities, this loan may be terminated and you may be subject to federal and state criminal and civil punishment.

12.    **Acceptance and Expiration of Commitments:**

This commitment will expire at the close of business on the forty-fifth (45th) day after the date of this letter. Any requests for an extension of the commitment must be in writing and must be received by the Agency at least ten business days before the expiration date.

If you have any questions with regard to this commitment, please feel free to contact your ERMA Loan Closer, **Amy Reihmann** at **609-256-7390**. You will be contacted by ERMA staff to schedule your closing.

Sincerely yours,

*William Schmidt*

William Schmidt
Assistant Director HAF Operations

**THE TERMS OF THIS COMMITMENT LETTER ARE ACCEPTED:** (To be executed at closing):

Signed: _____

Name:  Carolyn Brooks

Date:_____

Signed: _____

Name:

Date:_____



# Duplication of Benefits Certification

A duplication of benefits occurs when a person, household, business, government, or other entity receives financial assistance from multiple sources for the same purpose, and the total assistance received for that purpose is more than the total need for assistance.

In reference to the New Jersey Emergency Rescue Mortgage Assistance (ERMA) program, a duplication of benefits occurs when financial assistance is provided to a person or entity through the ERMA program to address mortgage delinquencies due to a COVID-19 hardship and the person or entity has received financial assistance for the same costs from any other Federal, State, county, municipal, or tribal source, and the total amount received exceeds the total need for those costs.

I/We hereby certify, under penalty of perjury, that the ERMA program funds received for the purpose of mortgage reinstatement, mortgage payment assistance or any other approved purpose does not duplicate any other Federal, State, county, municipal, or tribal funding.


Signed: _____

Name:  Carolyn Brooks

Date:_____


Signed: _____

Name:

Date:_____

WHEN RECORDED MAIL TO:
NJHMFA
637 S. CLINTON AVE., PO BOX 18550
TRENTON, NJ 08650-2085

This instrument was prepared by:

_____

Amy Reihmann


HAF # 33458

_____ [Space Above This Line For Recording Date] _____

## SUBORDINATE MORTGAGE
## NJ Emergency Rescue Mortgage Assistance Program

THIS MORTGAGE is made this **9th** day of **January** of **2024** between the Mortgagor, **Carolyn Brooks,** (herein "Borrower"), and the Mortgagee, New Jersey Housing and Mortgage Finance Agency, a body corporate and politic established by law in accordance with N.J.S.A. 55:14K-1 et seq., whose address is 637 S. CLINTON AVE., PO BOX 18550, TRENTON, NEW JERSEY 08650-2085 (herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of **Six Thousand Nine Hundred Thirty Six .49/100 U.S. Dollars ($6,936.49)** which indebtedness is evidenced by Borrower's note dated **01-09-2024** and any extensions and renewals thereof (herein "Note").;

WHEREAS, the Lender makes this mortgage for the purposes expressed in the NJ Emergency Rescue Mortgage Assistance Program (herein "NJ ERMA") which is administered by the Lender, pursuant to an agreement with the United States Department of the Treasury in connection with the Treasury's housing program entitled the Homeowner Assistance Fund which was established pursuant to the American Rescue Plan Act of 2021 (P.L. 117-2), as amended, and as may be amended from time to time; and

WHEREAS, the purpose of the NJ ERMA Program is to help eligible Borrowers achieve long-term mortgage sustainability by providing a one-time payment and/or monthly payments to mortgage lenders and/or other governing entities that hold secured interests in the Borrowers homes, and

WHEREAS, the proceeds of the loan evidenced by the note will be used to facilitate a first mortgage loan reinstatement, mortgage payment assistance, and/or property charge default resolution as may be permitted by the NJ ERMA program guidelines.

NOW THERFORE TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, and to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of **Mercer** in the State of New Jersey:
**BLOCK NUMBER: 33105  LOT NUMBER: 1**

*(Page 1 of 7 pages)*

which has the address of **249 HILLCREST AVE, TRENTON, New Jersey 08618,** (herein "Property Address"); SEE SCHEDULE "A" (Legal Property Description) attached hereto and made a part hereof.

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant, and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to prior existing superior mortgage liens and encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal.** Borrower shall promptly pay when due the principal indebtedness evidenced by the Note.

2. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments, and other charges, fines, and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

3. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair to the Property or to the sums secured by the Mortgage.

4. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, the Borrower shall comply with

*(Page 2 of 7 pages)*

the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**5.    Protection of Lender's Security.**  If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

**6.    Inspection.**  Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**7.    Condemnation.**  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

Any amounts disbursed by Lender pursuant to this paragraph 7, together with 4% simple interest, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof.  Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Borrower Not Released; Forbearance By Lender Not a Waiver.**  Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest.  Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest.  Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**9.    Successors and Assigns Bound; Joint and Several Liability; Co-signors.**  The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof.  All covenants and agreements of Borrower shall be joint and several.  Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that

*(Page 3 of 7 pages)*

Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property. The foregoing notwithstanding it is not the intent of the Lender to permit assignment this Mortgage and there can be no assignment by the Borrower without the consent of the Lender.

10.    **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in the Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

11.    **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction (New Jersey) in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of the Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

12.    **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

13.    **Other Loan Agreements.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims, or defenses which Borrower may have against parties who supply labor, materials, or services in connection with improvements made to the Property.

14.    **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

15.    **Acceleration; Remedies.  Except as provided in paragraph 16, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage,**

*(Page 4 of 7 pages)*

including the covenants to reside in the Property as the principal residence  and to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 10 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding and sale of Property.  The notice shall further inform Borrower of the right to reinstate after acceleration (the covenant set forth in this paragraph 15 is a non-monetary breach for which there is no right to reinstate although the Lender in its sole discretion may consent to such reinstatement) and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure.  If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding and the Lender shall be under no further obligation to disburse additional funds on behalf of the Borrower under the NJ ERMA program or this Mortgage.  Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, attorneys' fees permitted by Rules of Court, and costs of abstracts, title reports and documentary evidence.

      **16.    Borrower's Right to Reinstate.**  Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**17.    Assignment of Rents; Appointment of Receiver.**  As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 15 or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

      Upon acceleration under paragraph 15 or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver, shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including

those past due.  All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage.  Lender and the receiver shall be liable to account only for those rents actually received.

**18.    Release.**  Upon payment of all sums secured by this Mortgage, Lender shall cancel this Mortgage without charge to Borrower.  Borrower shall pay all costs of recordation, if any.

**19.    No Claim of Credit for Taxes.**  Except as permitted by the federal Internal Revenue Service, Borrower will not make or claim credit on or deduction from the principal or interest on the sums secured by this Mortgage by reason of any municipal or governmental taxes, assessments or charges assessed upon the Property, nor claim any deduction from the taxable value of the Property be reason of this Mortgage.

### REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES

_____          _____

Borrower and Lender request the holder or any mortgage, deed of trust, or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed and acknowledges receipt of pages 1 through 8 of this Mortgage.

Signed:_____(Seal)

Name:  Carolyn Brooks

Signed: _____(Seal)

Name:

Signed, Sealed, and Delivered in the Presence of:

_____          _____

STATE OF NEW JERSEY,                                    County ss:

On this **9th** day of **January** of **2024**, before me, the subscriber, personally **Carolyn Brooks,**   who, I am satisfied, is/are the person(s) named in and who executed the within instrument, and thereupon he/she/they acknowledged that he/she/they signed, sealed, and delivered the same as his/her/their act and deed, for the purposes therein expressed.

_____

Notary Public

Rev. 1/8/2022

*(Page 7 of 7 pages)*

## SUBORDINATE MORTGAGE NOTE
## NJ EMERGENCY RESCUE MORTGAGE ASSISTANCE PROGRAM

Place of Making:
**TRENTON, New Jersey  08618**

Date: <u>**01-09-2024**</u>

**$6,936.49**

| | |
|---|---|
| **BORROWER** | **Carolyn Brooks**<br>(herein "Borrower")<br><br>The word "Borrower" includes all borrowers under this Subordinate Mortgage Note (herein "Note") |
| **LENDER** | New Jersey Housing and Mortgage Finance Agency, whose office is located at 637 South Clinton Avenue., P.O. Box 18550, Trenton, New Jersey 08650-2085<br><br>(herein "Lender")<br><br>The Lender and any other holder of this Note may transfer this Note. |
| **LOAN PURPOSE** | The Lender has agreed to make this loan for the purposes set forth in the NJ Emergency Rescue Mortgage Assistance Program (herein "NJ ERMA") guidelines which provide that loan proceeds will be made available to facilitate reinstatement, mortgage payment assistance, and/or property charge default resolution of the first mortgage loan of the Borrower's residence which is the property located at  **249 HILLCREST AVE** in the municipality of **TRENTON, New Jersey**<br>AKA Block No. **33105** Lot No. **1**<br>on the municipality tax map (the "Premises"). |
| **BORROWER PROMISES TO PAY AND TERM:** | In return for this loan, the Borrower promises to pay to the order of the Lender the sum of **Six Thousand Nine Hundred Thirty Six .49/100 DOLLARS ($6,936.49)** (from now on called the "Principal"), without interest, subject to the following terms:<br><br>The term of this Note is three (3) years commencing on the date of the making which is stated above.  During the term of this Note, Principal repayment in the amount set forth in this section, will be due immediately upon the occurrence of any one of these events:  sale of the Premises, conveyance of title of the Premises, refinance of any superior mortgage(s) on the Premises (except for a lower rate/term refinance –cash out is not permitted except to repay this Mortgage Note) or if the Borrower ceases to occupy the Premises as their primary residence (hereinafter anyone one of |

these events shall be referred to as the "Payment Event"). In the event of sale, repayment shall be from net sales proceeds (funds left after payoff of superior mortgage liens, real estate commission and other reasonable and typical transaction fees and costs). The Lender may require the Borrower to pay for an appraisal ordered by the Lender if the sales price appears to the Lender to be below fair market value and the Lender may refuse to release the Borrower from this Note and the Mortgage lien in such cases where it determines based on an appraisal that the Premises is being conveyed for below fair market value.

<u>After 36 consecutive months</u> if no Payment Event has occurred the original principal amount will be reduced to 0 and the loan will be discharged.

The Borrower shall make payment to the Lender at 637 South Clinton Avenue, P.O. Box 18550, Trenton, New Jersey 08650-2085 or at such other place as is designated by the lender.

**PREPAYMENT:** The Borrower may repay the unpaid principal in full or in part at any time before it is due. This is known as prepayment. No penalty shall be charged.

**SECURED NOTE** This Note is secured by a subordinate mortgage of even date herewith.

**LENDER'S RIGHT OF ACCELERATION** The Lender may declare the unpaid principal under this Note due immediately for any cause that gives the Lender the right of acceleration under the subordinate mortgage which secures this Note or under any mortgage lien which is superior to this mortgage, provided, however, that foreclosure has commenced under the superior mortgage.
If the Lender declares acceleration the Borrower shall pay for the Lender's costs of collection and reasonable attorney's fees.
The Lender's failure to accelerate for any cause shall not prevent the Lender from doing so at a later time or for a later occurring cause.

**COSTS OF COLLECTION** If the Borrower fails to repay this loan in accordance with the Borrower's Promise to Pay and at times required by this Note the Borrower shall pay the Lender's cost of collection and reasonable attorney's fees.

**WAIVER OF FORMAL ACTS** Except as may be required by law, the Lender does not have to do any of the following before enforcing the Lender's rights.
(a)     demand payment of amounts due (known as Presentment);
(b)     give notice that amounts due have not been paid (known as Notice of Dishonor); and
(c) obtain an official certificate of non-payment (known as a protest).

**RESPONSIBILITY UNDER NOTE** If more than one Borrower signs this note, each one is obligated to pay the amount due under the Note. The Lender may enforce this Note against any one or more Borrowers or against all Borrowers together.

**CHANGE** This Note cannot be changed except in writing signed by the Borrower and

the Lender. The Lender makes this mortgage for the purposes expressed in the NJ ERMA program which is administered by the New Jersey Housing and Mortgage Finance Agency, a body corporate and politic established by law in accordance with N.J.S.A. 55:14K-1 et seq., pursuant to an agreement with the United States Department of the Treasury in connection with the Treasury's housing program entitled the Homeowner Assistance Fund which was established pursuant to the American Rescue Plan Act of 2021 (P.L. 117-2),, as amended, and as may be amended from time to time. Borrower agrees that the Note may be modified or amended in order to conform to the requirements of the American Rescue Plan Act of 2021 should the terms of this Note violate such requirements.

**SIGNATURES**     The Borrower agrees to the terms of this Note by signing below.


Witnessed:                    _____ L.S.

                              **Carolyn Brooks**

        _____      _____ L.S.


Rev.1/8/2022

# Notice of Right of Rescission

**Mortgaged Property Address:**    **249 HILLCREST AVE, TRENTON, New Jersey  08618**

**Date of ERMA Mortgage:**        **01-09-2024**

**Notice to Borrower Required by Federal Truth in Lending Act:**

You have entered into an agreement on the above date that if completed will result in a mortgage lien being placed on your real property located at the above address.  You have a legal right under federal law to cancel this transaction, if you desire to do so, without any penalty or obligation within three (3) business days from the above date.   If you cancel the transaction within the three (3) business days, the mortgage lien arising from this transaction will be void and no lien will be placed on your property.  If you chose to cancel this transaction, you may do so by notifying us in writing by mail, hand delivery, or e-mail.  Such writing must be received before the end of the third business day and must clearly identify the transaction.  This notice may be used for that purpose by dating and signing below.

NJHMFA
637 S. Clinton Ave.
Trenton, New Jersey 08650-2085
**Attn: ERMA Servicing**

E-mail: ERMAServicingTeam@njhmfa.gov

**I hereby cancel this transaction. (Sign here only if you wish to cancel your loan)**

| | |
|---|---|
| _____ | _____ |
| Name | Date |
| _____ | _____ |
| Name | Date |
| _____ | _____ |
| Name | Date |

**Receipt is hereby acknowledged of the foregoing Notice and of the Disclosure and Authorization which is a separate document.  Each of the undersigned Borrowers having received two copies of this Notice.  (Each Borrower must sign here)**

Name:  Carolyn Brooks                                                                Date

Name:                                                                                         Date

Name                                                                                          Date


# Waiver of Right of Rescission Affidavit

I/we Carolyn Brooks  , the Borrowers who have acknowledged receipt of this Notice of Right of Rescission understand that our NJ Emergency Rescue Mortgage Assistance Program (ERMA) loan cannot be funded until the three (3) day Right of Rescission period expires.  I/we understand that we are having a bona fide personal financial emergency and want to have our NJ ERMA loan proceeds paid promptly because our property is in danger of foreclosure.  I/we therefore hereby assert our wish to waive the three (3) business days Right of Rescission period in order that the NJ ERMA loan can close and be funded without further waiting.

The Borrower(s) hereby waives the Right of Rescission on the **9th** day of **January, 2024.**


Name:  Carolyn Brooks

Name:

Name

State of New Jersey            :
                              : SS.
County of _____:

The above signed Borrowers _____,

_____. _____, being duly
sworn according to law, signed this Affidavit and Right of Rescission before me this
_____ day of _____, _____.




_____
Notary Public

HAF # 33458

## RELEASE

The undersigned Borrower(s)/Mortgagor(s) understand, acknowledge, and agree to release the New Jersey Housing and Mortgage Finance Agency, its employees, agents, officers, successors, and/or assigns, from any and all liability for any and all loss in connection with the preparation of the Mortgage, Note, and related documents in connection with the above-referenced loan.  The Borrower(s)/Mortgagor(s) further understand, acknowledge, and agree that the preparation of said documents is <u>not</u> done as a professional service, and no payment, fee, or other consideration has been paid to the Agency by or on behalf of the undersigned Borrower(s)/Mortgagor(s) for the preparation of said documents.

_____
**DATE**

_____
**WITNESS**                                   Carolyn Brooks

_____                _____
**WITNESS**

## NEW JERSEY HOUSING AND MORTGAGE FINANCE AGENCY
## DECLARATION OF CONSENT

**HAF # 33458**
Borrowers:
Carolyn Brooks

Property Address:
**249 HILLCREST AVE, TRENTON, NEW JERSEY 08618,**

Concerning the mortgage loan (the "loan") received by the undersigned borrower(s) (the "Borrower") in the amount of **$6,936.49.** Borrower agrees as follows:

Borrower will execute any documents that the Lender may reasonably request to provide assurance that: (i) the Borrower will faithfully perform the obligations agreed to in connection with the loan; (ii) the Loan documents as executed accurately describe the obligations of the Borrower; and (iii) scheduled monthly payments, if applicable, will be timely made and in the proper amount.

If any document prepared in connection with the Loan has not been properly executed, or if any executed Loan document has been destroyed, lost, misplaced or incorrectly drafted, the Borrower will execute a duplicate or corrected document upon request by the Lender.

Borrower agrees to fully comply with the Lender's reasonable request within (7) days of receipt.

_____
Date

_____          _____
                                  Carolyn Brooks

_____
Date

## NEW JERSEY HOUSING AND MORTGAGE FINANCE AGENCY

## BORROWER'S MAILING ADDRESS INFORMATION

Re:     **HAF# 33458**

The correct Borrower mailing address for the above captioned loan is:
**249 HILLCREST AVE**
**TRENTON**
**New Jersey**
**08618**

Please direct all correspondence to the address I have noted.

_____          _____
Date                                            Carolyn Brooks

_____          _____
Date

# New Jersey Housing and Mortgage Finance Agency
# Emergency Rescue Mortgage Assistance Program
# Truth in Lending Disclosure

Applicant: Carolyn Brooks
Co-Applicants:

Date: 01-09-2024

Address: 249 HILLCREST AVE
TRENTON, New Jersey 08618

Lender: New Jersey Housing and
           Mortgage Finance Agency

Loan Type: Other

| Amount Financed | Finance Charge | Estimated Recording Costs | Annual % Rate | Total of Payments | Total Sale Price |
|---|---|---|---|---|---|
| **$6,936.49** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**You have a right to receive an itemization of the Amount Financed, which is as follows:**

The Amount Financed is the total principal amount of the loan that you qualify for under the Lender's Emergency Rescue Mortgage Assistance Program. You will not be charged any interest, fees or have to pay for any costs to receive this loan. Any obligation to repay this loan is set forth in **Payment Schedule,** below.

**Term of the Loan:** Three (3) years from the date of loan closing.

**Payment Schedule:** There is no regular monthly installment payment to repay this loan. Rather, repayment will be owed only if, during the three-year term of the loan, you:

1. Sell your home and land on which the home is located (for purposes of this document, the home and the land are referred to as the Premises);
2. Convey title to the Premises;
3. Get a cash-out refinance of any superior mortgage loan secured by the Premises; and/or
4. Cease to occupy the Premises as your primary residence.

If none of these circumstances happen during the three-year term of your loan, the entire Amount Financed will be forgiven.

However, if one or more of the listed circumstances occur during the three-year term of this loan, you would immediately owe to the Lender the full Amount Financed.

If you sell the Premises, your repayment shall be from net sales proceeds of the Premises (that is, funds left after payoff of superior mortgage liens, real estate commission and other reasonable and typical transaction fees and costs). The Lender may also require the Borrower to pay for an appraisal ordered by the Lender if the sales price appears to the Lender to be below fair market value. Where the Lender

determines, based on an appraisal, that the Premises is being conveyed for below fair market value, the Lender retains the right to enforce repayment of this loan.

Each applicant for this loan is jointly and severally liable for the full amount of the Amount Financed, above, if it ever becomes due and payable.

**Security is for:**  Emergency assistance to prevent foreclosure on an existing mortgage loan secured by the Premises.

**Penalty:**  There is no late payment penalty.

**Assumption:**  Someone buying your home cannot take over this loan.

**Required Deposit for this financing:**  There is no deposit required for this loan.

By signing below, the applicant(s) acknowledge receipt of this disclosure.


_____        _____
Date:                Borrower: Carolyn Brooks


_____        _____
Date:                Co-Borrower:


(Add additional applicant signature bars as appropriate)


_____        _____
Date:                Signature of Lender's Agent


                   _____
Print Name: